# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 4:08CV521** |
| | ) | |
| **PLAINTIFF,** | ) | **JUDGE PETER C. ECONOMUS** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **JOANNE DOUGLAS,** | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| | ) | |
| **DEFENDANT.** | ) | |

This matter is before the Court upon Plaintiff United States of America's ("the Government") Motion for Summary Judgment Pursuant to Fed.R.Civ.P. 56.  (Dkt. # 18).  This Court granted Defendant Joanne Douglas' ("Douglas") two separate Motions for Leave, totaling 90 days, to file a Memorandum in Opposition to the Government's Motion for Summary Judgment.  (Dkt. # 21, 22).  Douglas' most recent Motion for Leave was granted on June 3, 2010, and provided Douglas an additional sixty days.  (Dkt. # 21).  To this date, Douglas has failed to file a Memorandum in Opposition to the Government's Motion for Summary Judgment.

## I.      BACKGROUND

The Government filed the instant action asking the Court reduce to judgment Douglas' unpaid assessed federal income tax liabilities for income tax years 1987, 1988,

1989, 1991, 1999, 2000, and 2001.  (Dkt. # 1).  The Government asserts that Douglas's unpaid taxes amount to a balance of $1,271,907.01 as of April 1, 2010.  (Dkt. # 18 at 1).

According to the declaration of Joan Flach of the Internal Revenue Service ("IRS"), Douglas' itemized tax liabilities are as follows: 1987, $47,698.92; 1988, $184,425.17; 1989, $156,693.16; 1991, $51,852.29; 1999, $102,711.93; 2000, $301,399.77; 2001, $427,125.77.  (Dkt. # 18-2).  In addition to the declaration of Joan Flach, the Government has also submitted Certificates of Assessments and Payments relating to Douglas' tax liabilities for income tax years 1987, 1988, 1989, 1991, 1999, 2000, and 2001.  (Dkt. # 18-3).

Lastly, the Government has submitted the following excerpt from Douglas' deposition:

> Q. Okay. So do you have any issues with the actual liabilities themselves apart from payments that have been made towards them?
>
> A. I have no issues that I owe IRS a tremendous amount of money.

(Dkt. # 18-1 at 4).

## II.    STANDARD OF REVIEW

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ P. 56(c).  The court must "view the evidence and draw all reasonable inferences therefrom in the light most favorable to the non-

moving party." <u>Little v. BP Exploration & Oil Co.</u>, 265 F.3d 357, 361 (6th Cir. 2001). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . . The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [her] favor." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986); <u>accord</u> <u>Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.</u>, 209 F.3d 552, 556-57 n.7 (6th Cir. 2000).

The central issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." <u>Anderson</u>, 477 U.S. at 251-52.  "A party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986) (quoting FED. R. CIV. P. 56 (c)).  For a dispute to be genuine, the evidence must be such that "a reasonable jury could return a verdict for the nonmoving party." <u>Anderson</u>, 477 U.S. at 248.

## III.  LAW AND ANALYSIS

Section 7402(a) of the Internal Revenue Code authorizes the Government to bring a civil action in federal district court to "render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws."  26 U.S.C. §

3

7402(a).  It is well established that the Commissioner's determination of a tax deficiency is presumptively correct.  <u>Kenco Restaurants, Inc. v. Commissioner</u>, 206 F.3d 588, 596 (6th Cir. 2000); <u>Kearns v. Commissioner</u>, 979 F.2d 1176, 1178 (6th Cir. 1992); <u>Zack v. Commissioner</u>, 692 F.2d 28, 29 (6th Cir. 1982).   "Certificates of assessments and payments are generally regarded as being sufficient proof, in the absence of evidence to the contrary, of the adequacy and propriety of notices and assessments that have been made."  <u>Gentry v. United States</u>, 962 F.2d 555, 557 (6th Cir. 1992).  Moreover, the taxpayer has the burden of proving that the Commissioner's determination is "erroneous or arbitrary."   <u>Kearns</u>, 979 F.2d at 1178; <u>see</u> <u>also</u> <u>Zack</u>, 692 F.2d 28 at 29 ("…the taxpayer bears the burden of demonstrating error in the [Commissioner's] calculation.").  The Government's assessments, therefore, presumptively establish that Douglas has an unpaid federal tax liability totalling $1,271,907.01, as of April 1, 2010.

       When the IRS makes assessments against a taxpayer, the burden of persuasion with respect to payment of expenses is on the taxpayer.  <u>United States v. Walton</u>, 909 F.2d 915, 919 (6th Cir. 1990).  A Defendant cannot simply "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must 'present affirmative evidence in order to defeat a properly supported motion for summary judgment.'"  <u>Street v. J.C. Bradford & Co.</u>, 886 F.2d 1472, 1479 (6th Cir. 1989) (quoting <u>Anderson</u>, 477 U.S. at 250).

       Douglas has failed to meet her burden of showing payment of any kind.  Thus, Douglas has not presented sufficient evidence to create a genuine issue of fact regarding

4

the accuracy of the Government's assessments or that the assessments were erroneous or arbitrary.  Accordingly, the Government is entitled to summary judgment upon its claim that Douglas is indebted to the Government in the amount of $1,271,907.01, plus additions and interest, pursuant to 26 U.S.C. §§ 6601, 6621, 6622, and 28 U.S.C. § 1961(c).

## IV.  CONCLUSION

For the foregoing reasons, the Government may reduce to judgment its tax assessments against Douglas.  The Government's Motion for Summary Judgment is **GRANTED**.  (Dkt. # 18).

**IT IS SO ORDERED.**

**/s/ Peter C. Economus – August 12, 2010**
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**